UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

KEITH BRANNON,

                Plaintiff,

  -against-                            **MEMORANDUM AND ORDER**

73RD PRECINCT; 88TH PRECINCT,           15-CV-0072 (RRM)(RLM)

                Defendants.
-----------------------------------------------------------X

**MAUSKOPF, United States District Judge:**

      Plaintiff, currently incarcerated at Mid-State Correctional Facility, brings this action pursuant 42 U.S.C. § 1983, alleging claims of false arrest and false imprisonment and the unlawful taking of his property. He names two precincts of the New York City Police Department ("NYPD") as the defendants. Plaintiff seeks damages and to be reinstated to parole. Complaint at 5, ¶ V. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915, but the complaint is dismissed for the reasons set forth below, with leave to replead within 30 days of the date of this Order.

      **Background**

      The following facts are drawn from plaintiff's complaint, the allegations of which are assumed to be true for purposes of this Memorandum and Order. Plaintiff was arrested on July 6, 2014 and charged with multiple offenses. On the unspecified day that plaintiff was arraigned, his truck was impounded by the 88th Precinct and he was "turned over to the 73rd Precinct." (ECF No. 1 at 4). On July 12, 2014, he was released until his court date on August 1, 2014, at which time the charges were dismissed and his case sealed. *Id.* During the weeks between his two court dates, plaintiff attempted to collect his property that had been taken by the police when he was arrested, but only $800 of the $5000 was returned to him. Also, despite the dismissal of the

1

charges, plaintiff's parole was violated because of "police contact."[1] Plaintiff's parole officer called the two precincts to verify what had happened, but "Detective Smith informed her that the command unit 547 was never heard of and there was no Detective Paul Martin." Plaintiff refutes Detective Smith's representation, and has "paperwork from [ ] and the precinct with these names and docket numbers which are 2014KN050980." *Id.* He alleges that the police precincts violated his constitutional rights; he seeks to be reinstated back to parole and damages.

**Standard of Review**

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, the court is required to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also* 28 U.S.C. § 1915(e)(2)(B). When a prisoner is proceeding *pro se*, the Court is required to read the complaint liberally and interpret it as raising the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). However, even a *pro se* complaint must plead "enough facts to state a claim to relief that is plausible on its face."

---

1 The Court takes judicial notice of the public record which indicates that plaintiff is currently incarcerated at Midstate Correctional Facility for a violation of parole to which plaintiff was sentenced for a 1995 conviction for robbery and grand larceny. *See* New York State Department of Corrections Inmate Lookup, http://nysdocslookup.dosccs.ny.gov (last visited January 12, 2015).

2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* The Federal Rules of Civil Procedure do not require "detailed factual allegations," but demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* As the Supreme Court has stated: "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (internal citations omitted).

**Discussion**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to maintain a § 1983 action, a plaintiff must allege both that the conduct complained of was "committed by a person acting under color of state law" and "deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).

Neither of the only two defendants plaintiff has named in the caption of his complaint is a proper party to his action under 42 U.S.C. §1983. Neither police precincts, nor the NYPD itself, have a legal identity separate and apart from City of New York and cannot sue or be sued; they are merely administrative arms of a municipality. *Lauro v. Charles,* 219 F.3d 202, 205 n. 2 (2d Cir. 2000); *Bailey v. New York City Police Dep't,* 910 F. Supp. 116, 117 (E.D.N.Y. 1996) (citing New York City Charter, Chapter 17, § 396 which provides that "all actions and proceedings for the

3

recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not that of any agency); *Hall v. City of White Plains,* 185 F.Supp.2d 293, 303 (S.D.N.Y. 2002); *Wilson v. City of New York*, 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992). Similarly, police precincts and designated squads within that precinct, as divisions or subdivisions of the NYPD, lack "independent legal existence" and also cannot be sued. *Flemming v. New York City*, No. 02 Civ. 4113(AKH), 2003 WL 296921, at *2 (S.D.N.Y. Feb.11, 2003) (NYPD 46th precinct) (citing *Dove v. Fordham Univ.*, 56 F.Supp.2d 330, 337 (S.D.N.Y.1999) and *Wilson*, 800 F. Supp. at 1101). Thus, plaintiff's claims against the 73rd and 88th Precincts of the NYPD are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B); 1915A(b)(1).

Further, to the extent plaintiff challenges the actions of defendants which led to the revocation of his parole resulting in his current imprisonment, his claims are barred under *Heck v. Humphrey*, 512 U.S. at 486-87.

In *Heck,* the United States Supreme Court held:

[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance or a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87.

*Heck* and its "favorable determination" rule applies to Section 1983 actions that challenge the fact or duration of confinement based on the revocation of parole. *See Lee v. Donnaruma*, 63 Fed. Appx. 39, 41 (2d Cir.2003) (collecting cases); *Hannah v. Davis*, No. 08–CV–116F, 2008 WL 516750, at *2 (W.D.N.Y. Feb. 25, 2008) ("*Heck* and its 'favorable termination' rule applies to

4

Section 1983 actions that challenge the fact or duration of confinement based on the revocation of parole."); *Davis v. Cotov*, 214 F.Supp.2d 310, 316 (E.D.N.Y.2002) (plaintiff's Section 1983 claim that his parole violation was based on an improper arrest and that his parole revocation was the result of inadequate proceedings can only proceed if plaintiff has "succeeded in establishing the invalidity of his parole revocation in an appropriate state or federal proceeding"). Here, plaintiff's allegations clearly challenge the validity of the parole revocation procedures. The complaint alleges that he was wrongly arrested for charges that were later dropped and that the NYPD denied having the unit or employing the detective who arrested plaintiff. However, critical to his claim, he does not allege that he has succeeded in establishing the invalidity of his parole revocation or sentence in an appropriate state or federal proceeding. Accordingly, plaintiff's 42 U.S.C. § 1983 claim regarding the revocation of his parole is barred by *Heck* because his parole revocation has not been reversed, expunged, or declared invalid. *Heck*, 512 U.S. at 486-87. Therefore, the claim for damages challenging his parole revocation is dismissed without prejudice. 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1); *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) (dismissal under *Heck* is without prejudice because the suit may be reinstituted if conviction or revocation is overturned). Plaintiff is, of course, entitled to challenge the revocation of his parole and fact of his confinement pursuant to a petition for a writ of habeas corpus or other similar state proceeding that may be available to him.[2]

---

[2]The Supreme Court has made clear that state prisoners may use:

[O]nly habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement-either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody.... [Our] cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the

**Leave to Amend**

As currently stated, even with a liberal construction, the complaint fails to state a claim on which relief may be granted. Nevertheless, in light of plaintiffs' *pro se* status, *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000) (*pro se* plaintiff should afforded opportunity to amend complaint prior to dismissal), plaintiff is afforded thirty days to amend his complaint if the can, in good faith, set forth claims under § 1983 regarding his false arrest, false imprisonment and property claim or any other federal claim he may have. Fed R. Civ. P. 15(a); *see e.g., Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [pro se] complaint gives any indication that a valid claim might be stated.") (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir.1999)).

Should plaintiff file an amended complaint, he must satisfy the minimal filing requirements of Fed. R.Civ. P. 8, providing the defendant(s) with notice of the claims against it and a short, plain statement of the relevant facts supporting his claim or claims. Plaintiff must provide facts pertinent to each claim and cannot rely on generalized allegations of misconduct. If plaintiff elects to file an amended complaint, he should list specifically what injury he suffered, when and how it occurred, and who was responsible for it. Conclusory allegations are not sufficient. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556–57, 570). Finally, plaintiff must name the individuals who were personally involved as defendants. If plaintiff cannot identify the defendants at this time, he may designate him/her as John/Jane Doe.

## CONCLUSION

---

prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *see also Poventud v. City of New York*, No. 12-1011-CV, 2013 WL 1693952, at * 3-5 (2d Cir. Apr. 19, 2013).

For the reasons set forth above, plaintiff's complaint is dismissed without prejudice for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii). No summons shall issue as to the defendants named in this complaint.

However, in light of plaintiff's *pro se* status, plaintiff shall be afforded thirty days leave to file an amended complaint against other defendant(s) regarding his false arrest, false imprisonment and/ or property claims. If plaintiff elects to file an amended complaint, the amended complaint must provide facts giving rise to each of his federal claims against the defendant(s). It shall be submitted to the court within 30 days of the docket entry of this Order. Once submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under Fed. R. Civ. P. 8 and 28 U.S.C. §1915A.

No summons shall issue at this time and all further proceedings are stayed for thirty days for plaintiff to comply with this Order. If plaintiffs fail to comply with this Order within the time allowed, judgment dismissing this action shall enter.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum and Order to plaintiff and note the mailing on the docket.

SO ORDERED.

*Roslynn R. Mauskopf*

ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
 April 15, 2016